Good morning everyone and welcome to the Ninth Circuit. Welcome to all the students who are here today. We're really happy to have you here. So Judge Mark Bennett and I are very happy to welcome Judge R. Bennett from Maryland. We have two Bennett's on our panel today. Judge Bennett is sitting by designation from the District of Maryland and he's a wonderful judge and we're really happy to have him with us and really appreciate his help. Well thank you very much Judge Friedland. It's been a wonderful week up here on the Ninth Circuit and I've been here before and I'll be back again. It was really a pleasure. Always a great honor to sit with the Ninth Circuit. Thank you very much. Thank you. So we have one case on the calendar for argument today but we have several submitted on the briefs. So United States versus Karpov 21-10356 is submitted. United States versus Fernandez 22-10140 is submitted. Singh versus Garland 22-1317 is submitted. Brennan versus Diaz 22-16010 is submitted. Reyes versus Garland 22-363 is submitted. Martinez-Enriquez versus Garland 22-674 is submitted. And Vavrik versus Garland 22-941 is submitted. Before we start the last, the one that we're going to argue, I just want to remind the panel will go and confer about the cases and then come back out and do a question-and-answer session with the students. We will not talk about this case or any pending cases but anyone who is interested is welcome to stay. It's open to the public so but we look forward to talking to the students. Okay so then with that the case that we have on calendar is Lachance versus Dizirenda 21-16694. Each side will have 10 minutes. May it please the court, my name is Erica Barrett and I represent Respondents Cross Appellants and I'd like to reserve two minutes for rebuttal. Your Honors, I'm happy to answer questions on any topic but I'd like to focus my time first on the District Court's improper reliance on Crase versus Herzog to grant relief and second on the District Court's failure to give adequate consideration under Strickland to the presumption the counsel was not deficient. Your Honors, the District Court was unable to grant relief in this case without invoking this court's precedent in Crase versus Herzog and that's an approach that the Supreme Court cautioned against in White versus Woodall. To the extent that this court was similar to the proceedings of the Washington court in Crase, this court would also be relying on its own precedent instead of the clearly established law under Strickland to affirm Lachance's relief. Well wasn't Crase interpreting Strickland though so if we think this is exactly the same as Crase wouldn't we have to say that it violates Strickland? Your Honor, Crase was this court's interpretation of Strickland however it extended the reasonable interpretation of Strickland. It was those interpretations under White versus Woodall, it tells us those interpretations are not themselves clearly established federal law. Counsel, isn't your better argument that this case isn't Crase because the the Court of Appeals said our review of the record reveals substantial evidence to support these findings? I think there are several ways that this court could come at it. If this court does want to look at this case in de novo, then yes. This case, Lachance's case, is easily distinguishable from Crase. Not only did the Nevada Court of Appeals not make or not rely exclusively on presumptions like the Washington court did, but the evidence in Crase was just not there at the same level that it was in Lachance. For example, this court in Crase looked at the lesser included offense instructions that were not given and said those instructions were, quote, tailor-made to apply to Crase's conduct, end quote. Okay, but that goes to prejudice, right? So I think there's a prejudice issue about whether the lesser included offense would have made any difference here, but just looking at whether the state court said something that was inconsistent with Crase, it seems like here the court said there was substantial evidence, but what if it had said, further our review of the record reveals sufficient evidence to support these findings? Would that be improper under Crase? Not necessarily, because it didn't just rely on that sufficient evidence or substantial in the case of Nevada Court of Appeals. It also indicated from its, it made an actual statement that Lachance failed to demonstrate a reasonable probability of a different, or that the jury would have made a different judgment that the Washington court made. It really stuck to the presumptions that it felt that Strickland required of it. Well, it's essentially the same thing the Washington court said, right? The idea in Washington was here's this, you know, they found all of the elements, there was sufficient evidence, and so we think there wouldn't have been the lesser included offenses. I mean, the logic is very much the same, except for I do think that distinction that the Washington court specifically said they were relying on multiple presumptions, and that was not here in the Nevada Court of Appeals opinion. I do think that's significant. Do you think there's a difference between substantial evidence and sufficient evidence? Yes, Your Honor. I think those terms are intentional. The Washington court specifically used the word sufficient, or then the Crase opinion indicates that sufficiency. Strickland tells us that if in the case of overwhelming evidence, then it's more likely that there's not prejudice, and while the Nevada Court of Appeals may have not used the term overwhelming, there's no indication that it was using substantial to mean sufficient, and if there's a dispute about what exactly the I tried to look for Nevada cases about substantial evidence, and what I found, at least at first, was review of agency determinations where it says substantial evidence supports the agency, which is really the same thing as sufficient evidence, as far as I can tell. I'm not sure there's any difference between those words in the cases I could find, but I can't say. I looked at every case, but can you point to a case that makes clear that sufficient and substantial are different in Nevada? No, I don't have a specific case for that, Your Honor. I do think that this court found those cases in administrative cases, and this is not an administrative case, obviously, and if the court, this court is concerned about the wording that the Nevada Court of Appeals is using, it should resolve that dispute in favor of deferring to the state. Aren't we required to do that? Hasn't the Supreme Court told us that if there is ambiguity in the respect we're talking about, we are required to resolve all doubt in favor of the state court determination provided pedeference? Yes, Your Honor. Under Renenko v. Lett, as one example, the Supreme Court has said that if there's, basically, the tie should go to the state court's determination. Why don't you move to prejudice, counsel? Yes, Your Honor. On prejudice, there's plenty of evidence that supported that strangulation occurred, and that includes the testimony of the victim. It includes the medical records, the statement from the police officer, and there's... I don't think this court should find that a jury would have reasonably concluded otherwise. And I did want to focus, Your Honor, on the district court's decision about the deficient performance, as well. But you obviously don't need to address that if there's no prejudice, correct? Correct. And if this court has more questions about prejudice, I'm happy to address them. But as to the deficient performance, the district court did not consider Lachance's lack of interest in the plea deal. They didn't consider his failure to cooperate with counsel. But, counsel, in the real world of criminal prosecutions, the defense counsel does not have to say to the jury that my client did it. The defense counsel can say to the jury, my client didn't do it. But even if that doesn't convince you, the evidence here just doesn't support strangulation, how could that possibly hurt the defense counsel? And why wouldn't any reasonable defense counsel here, where the physical evidence of strangulation is not great, request that? I mean, it's hard for me to see how you could make a strategic decision, in this case, not to request this when the difference between the misdemeanor and the felony can be so great. The reason why the reasonable counsel would not have requested it first is simply to avoid a near guaranteed jail time, additional jail time for Lachance, who had spent the better part of a decade in prison already, and had said he wasn't interested in a plea deal, even on a one to six year plea deal that was offered. So an extra six months of jail time would have been significant to him. Even though, as I understand it, the felony here triggers a very substantial sentence because of his priors, right? So it was not the strangulation that triggered that, he already had five prior felonies, which is required for habitualization under Nevada law, and that habitualization was attached to the battery causing substantial bodily harm. Right, but I understand that, but isn't that a reason why he would be... Why a reasonable defense counsel would be shooting for misdemeanors everywhere in lieu of any felony? Not necessarily, because misdemeanors under Nevada, a domestic battery misdemeanor also carries potential for enhancement, where a third... At the same level? A third misdemeanor can be treated as a Category C felony, just like this one was a Category C felony. And I see my time's limited, so I'll reserve the rest of my time, unless this court has immediate questions. Thank you. Good morning, Your Honors, and may it please the court. Rick Mueller appearing on behalf of Petitioner Apelli Daron Lachance. The lower court correctly granted habeas relief in this case, and I'm gonna start with the state... The lower court's application of 2254D. So, CRACE forbids the courts from applying two presumptions, or concluding that there's no likelihood of a different outcome based on two facts, the fact of the conviction and the sufficiency of the evidence. And here, those are the two presumptions that the state court applied. There were some questions about substantial versus sufficient. I see no difference between those terms here, and moreover... So, I know your brief said that, and I might be inclined to agree with you, but you didn't cite anything either. So, do you have any site for the idea that those two things mean the same thing in Nevada? Your Honor, I'm relying more here on the fact that the state court didn't use the phrase, overwhelming evidence. So, Strickland requires the reviewing court to assess the totality of the evidence. You have to look at both sides of the coin. The court, in starting out, stated the — stated Strickland correctly, right? Correct. So... The court stated Strickland correctly. So, why would you assume that, when the court said substantial, that it really meant sufficient, that it really meant there was enough to go to a jury here, as opposed to there was substantially more here? And then the court, immediately after saying substantial, said, under these circumstances, where there's substantial evidence, LaChance failed to demonstrate a reasonable probability that jury would have convicted him if instructed on the lesser. Why should we read this the way you're reading it, when — I mean, that doesn't strike me as the logical way of reading what the court of appeals did. So the problem here is that Strickland requires the court to view the totality of the evidence. Whether it's sufficient evidence or substantial evidence to support strangulation, they're only looking at one side of the issue, the evidence that supported strangulation. There's no indication that they considered the very strong evidence that there was no strangulation. Is there a requirement that a State court, in addition to stating the right standard, has to summarize the evidence or has to talk about the evidence? Is there any case of ours that says the PCR court has to summarize the evidence? So I would point the court to Mann v. Ryan, where Chief Justice Thomas in a concurrence said, it's not enough to cite Strickland. The court's analysis must reflect it, too. And here we have a problem where the court's analysis doesn't reflect the standard that they were supposed to apply. It's not clear from the decision that they considered the totality of the evidence. And so isn't our law, if it's not clear one way or the other, we are required under Edput to give the State court the benefit of the doubt? Well, and I may have misspoken. I think it is clear that the State gave two reasons for its decision, the fact of the conviction and substantial evidence. But there was substantial evidence on the other side that there was no strangulation. So I'm talking about the photographs of Ms. Lane's neck, the medical records where a physician and a nurse both had many opportunities to document evidence of strangulation, and they didn't. Didn't the medical records say there was back and neck tenderness? So that was in a section that was ambiguous about the location of the injury. And the physician's notes Neck? It was ambiguous about the injury. It said both neck and back in that section. And the nurse said that the neck was non-tender, painless range of motion, trachea midline. The nurse said the airway was patent, breathing was unlabored. Did not Officer Flowers' testimony say that he saw bruises and marks that were consistent with the victim's testimony? So why don't we see them in the photos? The photos don't show redness. They don't show bruising. So we have, you know, whether the police officer said that there were marks or not, there was strong evidence that supported that there was no strangulation in this case. And that warranted the lesser-included instruction. Just the absence of pictures? I mean, the victim gave very compelling testimony that the jury obviously believed that her boyfriend was viciously trying to kill her. There was a neighbor who had no connection with, if I'm remembering right, Ms. Lane, but I might her down the street, hitting her. And that only when she yelled three times she was going to call the police did your client stop. And the contemporaneous report of the victim to the police officer that was entirely consistent with her trial testimony. Isn't that really strong evidence as to her, as to the credibility and her detailed view of why she almost passed out, saw stars? Isn't that really very, very strong evidence that your client was guilty of what he was convicted of? So the definition of strangulation under Nevada law is relatively narrow. It requires pressure on the throat or neck. And here, Ms. Lane testified that Mr. Lachance's left hand was on her collarbones, not her throat or neck. Her testimony was that he cut her airway off, causing her to almost pass out. Respectfully, Your Honor, that wasn't because of pressure on the throat or neck. That was because his body weight was on her chest. And that's sufficient for a misdemeanor domestic battery. That's – that would have fit the facts of this case. The problem is that the strangulation evidence was – there was strong evidence that there was no strangulation here. And the jury never got the opportunity to consider, you know, does this better fit the fact – did these facts better fit a misdemeanor domestic battery as opposed to a strangulation? And they – you know, they did ask for a definition of strangulation during jury deliberations. And that was a question that the judge did not answer because he believed that the instructions under Nevada law were sufficient. He couldn't provide any more detail than that. And you know, so here, a lesser-included instruction really did make sense because there was strong evidence that there was no strangulation – Can I just push back and ask you to explain that? So the fact that she was breathing unimpaired at the hospital an hour or two or three later, I don't really understand how – it seems like you think that's evidence that she wasn't strangled earlier. But if you block someone's throat an hour later, they can breathe fine. I don't understand really that argument. So I think if strangulation had occurred and there was pressure on the throat or neck in such a way that it was going to cause death or substantial bodily injury, we'd see some evidence of that. We'd see that in – you know, we'd see redness. We'd see bruising. And I think we would – you know, if somebody really does have so much pressure on their neck that they're unable to breathe, I actually do find it a little difficult to imagine that they would be at a hospital shortly thereafter saying, you know, I'm fine, I don't have any issues with my breathing. Mr. Mueller, one thing – I didn't really pick up in the briefing, but I must say that it seems to be pretty clear to me, this was a six-count indictment. Your client was convicted on all six counts. You only bring before us issues as to counts one and two, correct? Correct, Your Honor. And count one, the grand jury charged domestic battery by strangulation, and count two is to charge domestic battery causing substantial bodily harm, somewhat of a lesser offense. Still a felony offense, but somewhat of a lesser offense, correct? So the issue is that the factual predicate – My question is, the very nature of this indictment, it appears to me, on the part of the State, it included a slightly lesser charge in terms of how the evidence was portrayed and what the jury did or did not accept. Here, the jury was satisfied as to both. But my question is, count two is almost necessarily, sub selenio, a lesser offense, is it not? The domestic battery causing substantial bodily harm doesn't quite amount to domestic battery by strangulation, correct? Well, so it's still a felony. I mean, they're both – I'm not disputing that, but by the very nature of it, it's an alternative charge, depending upon how the jury rules. Isn't that correct? So here it wasn't, because the factual predicate for each of these convictions was entirely different. The factual predicate for the substantial bodily harm conviction, as argued to the jury in closing by the State, was pain in the tailbone, pain in the shins, and prolonged hearing loss. Bodily injury, substantial bodily injury. But the strangulation conviction was not based on any of those facts. No, I understand that. But my point is that in terms of the big picture here, your theory that there was some type of error with respect to a lesser-included offense, there was a gradation in terms of how the case was charged to begin with, in terms of count one and count two. Isn't that correct? I guess I disagree, Your Honor, because I think that the – or the charging document was targeted towards two different acts. So I don't think this is a gradation. I don't believe this point too much, because it wasn't heavily briefed, but it just occurred to me, based upon my professional experience, that essentially the way this was presented to the jury was, one, you have the matter of domestic battery by strangulation in her testimony, quite clear testimony. But secondarily, apart from that, is domestic battery causing substantial bodily harm totally apart from the matter of her neck with respect to the injuries she suffered, which is also a felony, correct? I guess I just don't see it as a gradation. I see these as two separate crimes based on separate – entirely separate conduct. In terms of entirely separate results in the injuries. I think that's right, Your Honor. Okay. I understand. Yeah. Thank you. I would ask that the Court affirm. Thank you. We have a little time for rebuttals still. Thank you, Your Honor. I'd like to quickly address the photographic evidence. LaChance's own counsel at ER 915, when talking about Exhibit 21 in the trial, said, there's a little bit of redness, it looks like, on your collarbone here. Is that correct? And the victim answered, correct. And then at ER 684, Officer Flowers stated that he saw redness on the lower neck. And so if this Court doesn't see the redness in those photos, we have reproductions here, and this Court shouldn't substitute its own view of the evidence instead of Officer Flowers, LaChance's counsel, and the victim's view of the evidence. And even if there was ambiguity on the evidence of strangulation, a reasonably effective counsel could use that ambiguity in favor of LaChance as a means that the jury could acquit him entirely of the charge by not requesting that lesser-included offense instruction. And if there's no further questions, I'll ask that this Court reverse the lower court's decision granting relief. Thank you. Thank you. Thank you both sides for the helpful arguments. This case is submitted, and we are adjourned. All rise.
judges: FRIEDLAND, BENNETT, Bennett